### SURPLUS LUMBER CO., INC., ET AL. v. HUET BOAT WORKS, INC.
### (E. J. GILLAN, Receiver)

---

(April 7, 1930. Opinion and Decree.)

---

H. W. Robinson, of New Orleans, attorney for plaintiff, appellee.

Louis R. Hoover, of New Orleans, attorney for E. J. Gillan.

HIGGINS, J. This is an appeal by the first receiver from a judgment of the district court rejecting three items which he claims were due him from the receivership estate. These items are as follows: Salary per week for services as receiver, $40; receiver's fee, $200; $446.68 cash advanced by receiver from his personal funds to the credit of the receivership estate, less $144.-55 paid to himself, making a balance claimed to be due for cash advanced of $302.13.

The judgment of the lower court dismissed or rejected these items from the account and homologated it in all other respects.

The record shows that the appellant was appointed and qualified as receiver of the

Huet Boat Works, Inc., on March 18, 1926, and was authorized by the court to operate the business as a going concern. He failed to voluntarily file a quarterly or any other kind of account during the time he was receiver. On November 12, 1926, a rule was taken to compel him to file an account and produce his bank books in court. On June 21, 1927, another rule was taken to revoke his appointment because he absented himself for long periods of time from the business and failed to pay current bills and also to file an account and produce his books.

On July 1, 1927, without producing his books or filing an account in court he resigned as receiver. Every effort was made to compel him to file an account, but without effect until September 26, 1927, when he was charged in a rule of having improperly paid himself a salary of $40 per week and having neglected to pay to the new receiver $144.55 cash and to deliver the books and accounts of the company to the new receiver. Later on a rule was filed against him to show cause why he should not be punished for contempt for failure to render an account and deliver the books, papers, and cash to the new receiver. On December 1, 1927, appellant, as ex-receiver, filed an account. The account showed that he had paid himself $40 per week for twenty-three weeks and claimed $200 additional for services as receiver and $446.68 for cash advanced less a credit of $144.55 cash retained by him when he resigned, or a balance of $302.13. The account was opposed by the new receiver, and the opposition was maintained as hereinabove set forth. Nearly a year after the judgment maintaining the amended account, the appellant appealed devolutively therefrom.

The record clearly shows that the appellant was in no way authorized to pay himself a salary of $40 per week and such payment was clearly illegal and against the advice of his counsel.

The second item of salary as receiver was also properly rejected because the evidence shows that the appellant as receiver received $9,762.95 of assets when he assumed charge as receiver and in less than a year the estate was $4,000 deeper in debt than when he took charge. He absented himself from the company's business for long periods of time, but continued to draw $40 per week from March 18, 1926, until the first week of October, 1927. He made meager and incomplete accounts and records, and at first kept a bank account, but later abandoned that, and, from the manner in which he ran the business and kept the records, it was impossible to render an accurate and complete account.

In re Sheets Lumber Co., 52 La. Ann. 1337, 27 So. 809, it was said:

"Where a receiver shows want of capacity in the management of property intrusted to him, and a lack of appreciation of his obligations as receiver, his claim for compensation may be rejected or reduced."

In Standard Cotton Seed Oil Co. vs. Excelsior Refining Co., 108 La. 74, 32 So. 221, it was held:

"In insolvent estates, there must be taken into consideration, in estimating fees, the practical results achieved in the way of moneys realized for creditors, and care is always to be had not too greatly to deplete by charges the small store of funds constituting the common stock out of which all are to be paid."

In view of the above authorities and the record, we feel that the court a qua correctly refused to recognize any claim for receiver's fee or the unauthorized salary of $40 per week.

As to the cash advanced, it is very difficult for one to believe that a receiver

who has charge of an estate would advance his personal funds to pay debts of the estate when he knew that the business was being operated at a loss of approximately $4,000, during his administration. The record shows that the only evidence as to this cash item is the appellant's testimony, which is unsupported by any canceled checks or records which he promised to produce but never did do so. We therefore feel that the lower court was correct in dismissing this item for lack of sufficient proof.

For the reasons assigned, the judgment appealed from is affirmed.